**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DARRYLCO MOSBY (#312417)**                                           **CIVIL ACTION**

**VERSUS**

**STEVE RADER, WARDEN**                                              **NO. 12-0513-BAJ-DLD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 31, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRYLCO MOSBY (#312417)**                        **CIVIL ACTION**

**VERSUS**

**STEVE RADER, WARDEN**                                **NO. 12-0513-BAJ-DLD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Darrylco Mosby, challenges his conviction and sentence, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery. He challenges the resulting 26-year sentence, asserting that it is excessive because the state trial court failed to state on the record the considerations taken into account by the court and the factual basis for the referenced sentence.

Upon a review of the documentation attached to the petitioner's application, it appears that the petitioner pleaded guilty to one count of armed robbery and was sentenced, on or about July 14, 1999,[1] to serve twenty-six (26) years in confinement, without the benefit of probation, parole or suspension of sentence. It does not appear that the petitioner appealed the conviction or the sentence entered in connection therewith.

More than ten (10) years later, in June, 2010, the petitioner apparently filed in the state trial court a Motion for Leave of Court to Petition for Amendment of Sentence. This motion was denied by the trial court on January 14, 2011, upon a finding by the court that the motion was untimely

---

[1] In his application, the petitioner asserts that he was sentenced on August 13 of either 1998 or 1999, whereas a copy of an Order issued by the state trial court, attached as an exhibit to the petitioner's application, states that the petitioner was sentenced on July 14, 1999. These discrepancies do not affect the Court's decision in this case and so are immaterial.

under state law and that the court did not have jurisdiction to modify the petitioner's sentence after execution of the sentence had begun. It does not appear that the petitioner sought further judicial review in connection with this determination.

Thereafter, in March 2011, the petitioner filed a Motion to Correct an Illegal Excessive and/or Set Aside an Invalid Sentence, contending that the sentence was invalid because the trial court had failed to comply with state law, specifically, La. Code Crim. P. art. 894.1, which mandates that a sentencing court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." This motion was denied by the state trial judge on July 21, 2011, upon a finding by the court that the petitioner's sentence was properly and legally imposed and that he had been sentenced to a term within the statutory limits. The petitioner sought supervisory review of this determination before the state appellate courts, and the appellate courts denied such review, with the intermediate appellate court denying review on November 9, 2011, and with the Louisiana Supreme Court denying review on July 27, 2012. See Mosby v. State, 93 So.2d 592 (La. 2012). In denying review, the Louisiana Supreme Court specifically relied upon La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995), State v. Parker, 711 So.2d 694 (La. 1998), La. Code Crim. P. art. 930.3, and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).

On or about August 16, 2012, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is both untimely and is barred by procedural default.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review

      or the expiration of the time for seeking such review;

      \*            \*            \*            \*

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), citing Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

      In the instant case, the petitioner's conviction and sentence became final in August, 1999, thirty (30) days after he was sentenced and upon his failure to seek appellate review in the state courts. The petitioner then waited more than ten (10) years before filing motions to amend or correct the asserted illegal sentence in the state trial court. It is clear, therefore, pursuant to his own admissions, that more than one year elapsed during which the petitioner did not have pending before the state courts any properly filed application for post-conviction or other collateral relief. Accordingly, his petition in this Court is time-barred pursuant to § 2244(d) and must be dismissed.[2]

      Moreover, it appears that the petitioner's application is subject to dismissal by reason of procedural default. In this regard, it appears that although the petitioner raised the claim asserted herein in the state courts -- through his motion to correct an illegal sentence -- the claim was ultimately rejected by the Louisiana appellate courts as procedurally deficient under state law, with the Louisiana Supreme Court expressly relying on La. Code Crim. P. art. 930.8 (which provides for a two-year statute of limitations for the filing of applications for post-conviction relief), State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995) (upholding a dismissal based upon article 930.8), State v. Parker, 711 So.2d 694 (La. 1998) (holding that a claim of trial error is only cognizable, if at all, on an application for post-conviction relief and not on a motion to correct an illegal sentence), La.

---

      [2] Although this Court has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case.

Code Crim. P. art. 930.3 (which provides the exclusive grounds upon which relief may be granted in the Louisiana state courts after conviction), and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996) (holding that a claim of an excessive sentence may not be raised in an application for post-conviction relief). Accordingly, the last state court to address the petitioner's claim clearly and explicitly relied on state procedural rules in denying consideration thereof.

When a state court decision to deny post-conviction relief rests on a state procedural ground that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's federal claim. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Moore v. Roberts, 83 F.3d 699 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." Coleman, supra, 501 U.S. at 729-730, 111 S.Ct. at 2554:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Id. at 731-32, 111 S.Ct. at 2554-55 (quoting Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)); Moore, supra, at 703. This rule applies even if the state court addresses the substance of the claim in the alternative. Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Fisher v. State, 169 F.3d 295, 300 (5th Cir. 1999).

For the independent and adequate state ground doctrine to apply, the state court adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state procedural rule. Moore, supra, at 702; Sones v. Harbett, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Id. The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly

followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, supra, 501 U.S. at 750, 111 S.Ct. at 2565; Moore, supra, at 702.  The petitioner has made no attempt to make these showings.  Accordingly, the Court is precluded from considering the petitioner's claim for this reason as well.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely and as barred by procedural default.

Signed in Baton Rouge, Louisiana, on October 31, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**